# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TERRI PROBUS,                )
                             )
            Plaintiff,       )    **CIVIL ACTION**
                             )
v.                           )    No. 12-1142-MLB
                             )
SAFECO INSURANCE,            )
                             )
            Defendant.       )
_____)

## MEMORANDUM AND ORDER

This case comes before the court on defendant's motion for partial summary judgment. (Doc. 48). The motion has been fully briefed and is ripe for decision. (Docs. 49, 54).[1] Defendant's motion is denied for the reasons herein.

## I.   Facts

This case arises from a car accident involving plaintiff and Alexzander Willard which occurred on May 25, 2011, in Sedgwick County, Kansas. As a result of the accident, plaintiff was transported to the emergency room and received treatment. Willard's automobile insurance policy through Farmer's provided $25,000 in coverage for plaintiff's claim. Defendant Safeco issued plaintiff an automobile insurance policy which provided $50,000 for underinsured motorist coverage.

On June 24, 2011, plaintiff's counsel notified defendant that she was attempting to resolve her claims against Willard and that she might pursue an underinsured motorist claim against defendant. On February 16, 2012, plaintiff informed defendant that she had obtained

---

[1] Defendant did not file a reply and the time for doing so has now passed.

an agreement to release her claim against Willard in exchange for the $25,000 policy limit and requested defendant pay her $25,000, which was the amount available under her policy for underinsured motorists. Attached to plaintiff's letter were signed medical releases and a 183-page settlement package including various records, bills and police reports. On March 6, defendant notified plaintiff's counsel that it would agree to allow a settlement with Willard and waive its subrogation action against him. Defendant requested plaintiff's medical records, a recorded statement from plaintiff and a signed medical authorization. Plaintiff did not respond to the additional requests for records because she had already provided records on February 16. Defendant did not formally respond to the request for coverage under plaintiff's policy.

Plaintiff filed this action on April 18, 2012, seeking damages pursuant to the insurance policy. In addition, plaintiff seeks attorney fees pursuant to K.S.A. 40-256 and 40-908. Defendant moves for partial summary judgment on plaintiff's claim for attorney's fees.

**II.   Summary Judgment Standard**

The rules applicable to the resolution of this case, now at the summary judgment stage, are well-known and are only briefly outlined here. Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if sufficient evidence exists so that a rational trier of fact could resolve the issue either way and an issue is "material" if under the substantive law it is essential to the proper

disposition of the claim.  Adamson v. Multi Community Diversified Svcs., Inc., 514 F.3d 1136, 1145 (10th Cir. 2008).  When confronted with a fully briefed motion for summary judgment, the court must ultimately determine "whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  If so, the court cannot grant summary judgment.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

**III. Analysis**

**A. Attorney's Fees Pursuant to K.S.A. 40-256**

K.S.A. 40-256 provides as follows:

> That in all actions hereafter commenced, in which judgment is rendered against any insurance company as defined in K.S.A. 40-201, and including in addition thereto any fraternal benefit society and any reciprocal or interinsurance exchange on any policy or certificate of any type or kind of insurance, if it appear from the evidence that such company, society or exchange has refused without just cause or excuse to pay the full amount of such loss, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action, including proceeding upon appeal, to be recovered and collected as a part of the costs: Provided, however, That when a tender is made by such insurance company, society or exchange before the commencement of the action in which judgment is rendered and the amount recovered is not in excess of such tender no such costs shall be allowed.

Defendant contends that plaintiff is not entitled to attorney's fees under section 40-256 because defendant did not refuse payment without just cause or excuse.  Defendant asserts that plaintiff's refusal to provide additional documentation was a bona fide and reasonable basis to deny her claim.  (Doc. 49 at 8).  The undisputed facts, however, show that plaintiff provided her medical records,

-3-

bills, police reports and a signed medical release to defendant. At this time, it is not clear exactly what information was needed by defendant and not provided by plaintiff in order for defendant to complete its investigation.

Therefore, the court finds that there is a genuine issue of material fact as to whether defendant denied plaintiff's claim without just cause or excuse. Defendant's motion for summary judgment on plaintiff's claim for attorney's fees under K.S.A. 40-256 is denied.

**B. Attorney's Fees Pursuant to K.S.A. 40-908**

Plaintiff also seeks attorney's fees pursuant to section 40-908. Recently, in Bussman v. Safeco Ins. Co. of Am., No. 103,020, 2010 WL 5185785 (Kan. Ct. App. Dec. 17, 2011), rev. granted Jan. 20, 2012, the Kansas Court of Appeals determined that this statute provided the recovery of attorney's fees by a plaintiff in an action against an insurer to recover damages pursuant to the underinsured motorist policy coverage. The decision by the Kansas Court of Appeals is presently before the Kansas Supreme Court.

In light of the court's decision that there is a fact issue as to the availability of fees under section 40-256 and that the issue of fees under section 40-908 is currently pending before the Kansas Supreme Court, the court will take defendant's motion under advisement and render a decision on this issue after trial, if necessary.

**IV. Conclusion**

Defendant's motion for partial summary judgment (Doc. 48) is denied.

A motion for reconsideration of this order is not encouraged. Any such motion shall not exceed 3 double-spaced pages and shall

strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>, 810 F. Supp. 1172, 1174 (1992).  The response to any motion for reconsideration shall not exceed 3 double-spaced pages.  No reply shall be filed.

IT IS SO ORDERED.

Dated this   6th   day of August 2013, at Wichita, Kansas.

<u>s/ Monti Belot</u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE